IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EDWARD KAUFFMAN,
Plaintiff,

v().

THE SEDALIA MEDICAL
CENTER, INC., PROFIT
SHARING PLAN AND TRUST, et al.,
Defendants.

Case No. 2:04-CV-543
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of the Plaintiff's Motion for Attorneys' Fees, Costs and Prejudgment Interest (Doc. #57). For the reasons that follow, the motion is granted.

### I.

On March 27, 2006, this Court issued an *Opinion and Order* granting Plaintiff's Motion for Judgment on the Administrative Record as to his claim for pension benefits under a plan governed by the Employee Retirement Income Security Act of 1974 ["ERISA"], 29 U.S.C. § 1001, *et seq.* Specifically, the Court concluded that Plaintiff was entitled to benefits in the amount of $99,742[1]. (Doc. #56). The Court deferred entering Final Judgment until Plaintiff

---

[1] In opposing the Plaintiff's Motion for Attorneys' Fees, Defendants take issue with the Court's award of benefits. Defendants argue that the Court erred in applying a loss of $51,297.00 for the year 2001 rather than a loss of $81,389.00 for the year 2001. The Court rejects Defendants' argument for two reasons. First, any objection Defendants may have to the Court's decision is not properly raised in the context of the Plaintiff's motion for an award of fees. Second, the Defendants' loss calculation ignores

submitted a motion for Attorneys' Fees, Costs and Prejudgment Interest, which motion is now before the Court for review.

Plaintiff seeks an award of attorneys' fees and costs in the amount of $73,688.84. Pursuant to 29 U.S.C. § 1132(g)(1)[2], a district court has discretion to award reasonable attorneys' fees and costs to either party in an ERISA action. In considering whether an award is appropriate, the Court considers the following:

> (1) the degree of the opposing party's culpability or bad faith;
> (2) the opposing party's ability to satisfy an award of attorney's fees;
> (3) the deterrent effect of an award on other persons under similar circumstances;
> (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and
> (5) the relative merits of the parties' positions.

*Secretary of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir.1985). No single factor is determinative in the Court's analysis. *Wells v. United States Steel*, 76 F.3d 731, 736 (6th Cir. 1996).

As to the first element, Defendants argue that they did not act in bad faith in denying Plaintiff's claim for benefits. Defendants point out that they sought the advice of counsel and received the opinion of an accountant prior to denying Plaintiff's claim for benefits[3]. Plaintiff

---

the specific language of the Plan as to the Valuation of the Trust Account, § 10.14. Defendants' calculation is based on the hypothetical use of an interim valuation date. As the Court previously observed, the Plan Advisory Committee did not direct interim valuation in this case. (Doc. #56 at 12). Thus, Defendants' argument as to the loss valuation is not supported by the Administrative Record.

[2] The provision provides that "[i]n any action under this subchapter . . . the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

[3] As explained in the Court's March 27, 2006 *Opinion and Order*, as of December 31, 2000, Plaintiff had a non-forfeitable accrued interest in his pension benefit in the amount of $1,271,719.00. In April 2001, Plaintiff sought a distribution of his benefit for rollover into an IRA account. Plaintiff received a distribution of $1,000,000 in June 2001. The distribution was partial since the year 2000

2

argues that because the Court found the denial of benefits arbitrary and capricious that the decision is tantamount to bad faith. The Court disagrees.

A finding that a denial of benefits was arbitrary and capricious does not mean that the denial was made in bad faith. *See Foltice v. Guardsman Products, Inc.*, 98 F.3d 933, 937 (6th Cir. 1996). Rather, the Court considers the circumstances surrounding the denial to determine the level of Defendants' culpability.

As the Court pointed out in its March 27, 2006 *Opinion and Order*, the Defendants' failure to apply a specific provision of the Plan, § 9.11(A), resulted in a more generous allocation of loss to the remaining Plan participants and served to reduce the amount of benefits payable to Plaintiff. (Doc. #56 at 16). "[G]iven the status of the Trustees as substantial plan participants, [this] is the type of conflict of interest which could likely have had an actual effect on the Defendants' decision to deny benefits to Plaintiff in 2002." (*Id.*). Although the Court does not find evidence of bad faith, the apparent conflict of interest shows a degree of culpability on Defendants' part. Thus, the Court finds that the first factor weighs in Plaintiff's favor.

As to the second factor, the ability to satisfy the award of attorneys' fees, Defendants concede the ability to pay but point out that the payment "would be borne by the remainder of the plan participants," which consists of the staff of the Sedalia Medical Center, including Drs.

---

valuation of his benefit was not complete at the time Plaintiff requested the distribution, in April 2001. In November 2001, Plaintiff became disabled and he ultimately retired from employment in April 2002. Distributions of $130,000 and $16,296 were made to Plaintiff in March and November 2002, respectively. Plaintiff claimed that he was owed an additional $99,742 because Defendants improperly allocated fund losses to his interest in the pension benefit in 2001.

In its *Opinion and Order*, the Court concluded that Defendants' decision to deny Plaintiff's claim for benefits was arbitrary and capricious. The Court will not restate the reasons for this conclusion as they are clearly set forth in the decision. (Doc. #56).

3

Tanzer and Carroll[4]. (*Memorandum contra* at 6). The Court is cognizant of this fact and again notes that no single factor is dispositive in the Court's determination of whether an award of attorneys' fees is appropriate.

The third factor is the deterrent effect of an award on other persons under similar circumstances. The Sixth Circuit holds that the deterrent effect is at its greatest when there is some degree of deliberate misconduct or highly culpable behavior. *Foltice v. Guardsman Products, Inc.*, 98 F.3d at 937. Although the Defendants' decision to deny benefits was made after seeking the advice of counsel and an accountant, the decision served to benefit other members of the Plan to Plaintiff's detriment. This evidences a degree of culpability. Further, the Court concludes that an award of fees would have a deterrent effect against such conduct in the future.

The fourth factor is whether the Plaintiff sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or sought to resolve significant legal questions regarding ERISA. Plaintiff's success in this case has, at most, an incidental effect on other participants in the Plan since the denial of benefits was based on a set of circumstances unique to the Plaintiff. Furthermore, resolution of Plaintiff's case did not require consideration of any unique legal issues in the context of ERISA. Thus, this factor does not appear to weigh in Plaintiff's favor.

The final factor is the relative merits of the parties' positions. The Court has concluded that the decision to deny benefits was arbitrary and capricious. Since Plaintiff was successful on

---

[4]Drs. Tanzer and Carroll are the only staff members who participated in the decision to deny benefits to Plaintiff.

4

his claim for benefits, this factor supports an award of attorneys' fees to Plaintiff.

On balance, the Court concludes that an award of attorneys' fees and costs is appropriate in this case. The Court proceeds to consider the reasonableness of the amount sought.

## II.

Plaintiff seeks an award of attorneys' fees and costs in the amount of $73,688.84. Defendants challenge the reasonableness of this amount for three reasons. First, Defendants object to compensation for time Plaintiff's counsel spent on issuing an opinion letter regarding the merits of his case. A total of 5.5 hours was expended in this regard. Defendants argue that, because the opinion letter is not part of the Administrative Record in this case, reimbursement should not be allowed or, at a minimum, 2.5 hours should be removed from the time expended. Plaintiff disagrees, arguing that the initial review of Plaintiff's case was necessary in order to assess the merits of the litigation which ensued.

Second, Defendants object to compensating Plaintiff's counsel for seeking an expert opinion from the Jones Day law firm as to the legal issues presented in this case. Plaintiff's counsel's records reveal seven entries with a total time expended of 8.30 hours in this regard. Defendants argue that the time spent should be disallowed since the opinion is not part of the Administrative Record. Plaintiff argues that the time spent in seeking an expert opinion should be compensated as it was helpful to the case.

Third, Defendants object to time expended deposing Drs. Tanzer and Carroll and defending the deposition of Plaintiff. A total of 39.50 hours was spent in regard to depositions, legal research, and other preparation for the depositions. Defendants argue that because the

5

depositions were not part of the Administrative Record and were not necessary to resolving the claim for benefits, that Plaintiff should not recover attorneys' fees for time expended in this regard. Defendants also seek to exclude reimbursement for court reporting expenses of $1,166.55 in connection with the depositions. Plaintiff opposes exclusion of these amounts because the depositions were pertinent to resolving the Defendants' counterclaim that Plaintiff had allegedly violated ERISA in connection with the $1,000,000 distribution of benefits in June 2001.

The Court has considered the Defendants' objections and finds no reason to exclude time expended by Plaintiff's counsel for any of the three reasons articulated. First, the opinion letter from Plaintiff's counsel was necessary to a secure a proper assessment of the claim, which ultimately led to this action. Second, the opinion of Jones Day no doubt served to assist Plaintiff's counsel's work on this case. The fact that the opinion letters are not part of the Administrative Record is of no moment in the Court's view. Further, the time expended by Plaintiff's counsel is not excessive. Third, the time spent taking and defending depositions and preparing for the same is in no way excessive and can hardly be considered unnecessary. The depositions were necessitated by the Defendants' counterclaim. Thus, compensation for attorneys' fees incurred as a result is entirely appropriate.

With respect to the overall reasonableness of the amount of fees sought, the Sixth Circuit has observed:

> [T]he court is obligated to assure that fees are "reasonable." This determination should be committed to the sound discretion of the district court. The court is free to take into account prevailing market rates for comparable legal work, the amount of time reasonably necessary to accomplish tasks in the course of the litigation and the quality of representation provided by counsel. However, the

6

court must provide some basis for its determination. *See Seamon v. Vaughan*, 921 F.2d 1217, 1220 (11th Cir.1991).

*Bemis v. Hogue*, No. 89-1697, 89-1767, 1991 WL 102385 at *7 (6th Cir. June 13, 1991). In *Bemis*, the Sixth Circuit noted that calculation of fees in an ERISA case does not necessarily require strict application of the lodestar method. *Id.* at *6-7. Nevertheless, it is the Court's duty to determine whether the fees incurred are reasonable.

After review of the documentation supplied by Plaintiff's counsel as to time expended and hourly rate, the Court concludes that both are reasonable. Two attorneys performed work on Plaintiff's case, Michael P. Mahoney, Esq. and Matthew J. Burkhart, Esq. Mr. Mahoney, a 1972 graduate of the Ohio State University College of Law, billed at an hourly rate of $300 to $325 per hour[5]. Mr. Burkhart, a 1997 graduate of the University of Virginia School of Law billed at an hourly rate of $210 to $235 per hour during the course of this action[6]. The Court finds these rates reasonable in light of the experience of counsel. The Court also finds the time expended reasonable in view of the nature of this case. In addition, the Court finds that Plaintiff is entitled to recover costs incurred in connection with depositions in this case. 28 U.S.C. § 1920(2). Thus, the Court awards Plaintiff a total sum of $73,688.84 for attorneys' fees and costs.

### III.

In addition to seeking attorneys' fees and costs, the Plaintiff also requests an award of

---

[5]Mr. Mahoney's 2003 hourly rate was $300 per hour; his 2004 hourly rate was $310 per hour; his 2005 hourly rate was $320 per hour; and his 2006 hourly rate is $325 per hour. (Doc. #62-2).

[6]Mr. Burkhart's 2003 hourly rate was $200 per hour; his 2004 hourly rate was $210 per hour; his 2005 hourly rate was $220 per hour; and his 2006 hourly rate is $235 per hour. (Doc. #62-2).

prejudgment interest. Prejudgment interest is available in an ERISA action in the Court's discretion "in accordance with general equitable principles." *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 616 (6th Cir. 1998). "Interest awards should not be punitive, but should 'simply compensate a beneficiary for the lost interest value of money wrongly withheld from him or her.'" *Rybarczyk v. TRW, Inc.*, 235 F.3d 975, 985 (6th Cir. 2000), quoting *Ford*, 154 F.3d at 618. Plaintiff argues that prejudgment interest should be calculated using the rate for federal post-judgment interest, 28 U.S.C. § 1961[7]. The Sixth Circuit holds that calculation of prejudgment interest in ERISA cases using the federal post-judgment interest rate is appropriate. *Id.* at 986 (citations omitted).

The Defendants oppose an award of prejudgment interest on the basis that it would be "inappropriate and inequitable." (*Memorandum contra* at 13). The Court disagrees. The Court finds that an award of prejudgment interest serves to compensate Plaintiff for money wrongfully withheld. The award advances the remedial goal of ERISA, which is to place the Plaintiff in the position he would have been in had the pension benefits not been denied. Accordingly, the Court finds that the award is appropriate and the Court directs that the amount be calculated using the method set forth in § 1961(a).

---

[7] 28 U.S.C. § 1961(a) provides:
Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding.[*sic*] the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

8

**IV.**

In light of the foregoing, the Plaintiffs' Motion for Attorneys' Fees, Costs and Prejudgment Interest (**Doc. #57**) is **GRANTED.**

The Clerk is **DIRECTED** to enter Judgment in this case in favor of Plaintiff in the amount of **$99,742.00**. Plaintiff is entitled to an award of Prejudgment Interest using the applicable rate calculation pursuant to 28 U.S.C. § 1961(a). The Plaintiff is also awarded Attorneys' Fees and Costs in the amount of **$73,688.84**.

**IT IS SO ORDERED.**

2-9-2007
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE